# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| **BILLY RAY SELF** | **CIVIL ACTION NO. 06-1074-P** |
| **VERSUS** | **JUDGE WALTER** |
| **WARDEN JEFFERY TRAVIS** | **MAGISTRATE JUDGE HORNSBY** |

## MEMORANDUM ORDER

Currently before the Court is a motion for appointment of counsel [Doc. 1] filed by pro se petitioner Billy Ray Self. By this motion, Petitioner seeks to have the Court appoint him counsel to assist him with the prosecution of his petition for writ of habeas corpus filed pursuant to 28 U.S.C. §2254.

A habeas corpus proceeding is civil in nature. There is no constitutional right to appointment of counsel in a federal habeas corpus matter. McClesky v. Zant, 111 S.Ct. 1454, 1471 (1991); Pennsylvania v. Finley, 107 S.Ct. 1990, 1993 (1985); Santana v. Chandler, 961 F.2d 514, 516 (5th Cir. 1992). However, the appointment of counsel in a habeas corpus proceeding is proper when the interests of justice so require. See 18 U.S.C. §3006A; 28 U.S.C. §1915(e)(1).

In order to determine whether the interests of justice require the appointment of counsel in a habeas corpus proceeding, the court must use fundamental fairness and due process principles as the test. See Norris v. Wainwright, 588 F.2d. 130 (5th Cir. 1979); Bonin v. Vasquez, 999 F.2d. 425 (9th Cir. 1993). In most cases, appointed counsel is not required unless there is a need for an evidentiary hearing. United States v. Vasquez, 7 F.3d. 81 (5th

Cir. 1993)(once it is determined that an evidentiary hearing is needed in a habeas corpus action, the appointment of counsel is mandatory). If the matter can be resolved on the basis of the record and the pleadings submitted by the parties, the interests of justice do not require the appointment of counsel. Boyd v. Groose, 4 F.3d. 669 (8th Cir. 1993); Smith v. Groose, 998 F.2d. 1439, 1442 (8th Cir. 1993); McCann v. Armontrout, 973 F.2d. 655 (8th Cir. 1992); Reese v. Fulcomer, 946 F.2d. 247 (3d Cir. 1991).

This petition has recently been referred to the pro se staff attorney for initial review. If it is determined that service of process is appropriate, the Court will issue an order for the Clerk of Court to serve process. Following the running of all delays, the Court will determine the necessity of an evidentiary hearing. Until such time, this Court finds that the interests of justice do not require the appointment of counsel to aid Petitioner with his habeas corpus petition.

Accordingly,

**IT IS ORDERED** that Petitioner's request for court-appointed counsel be and it is hereby **DENIED**.

THUS DONE AND SIGNED at Shreveport, Louisiana, this 26th day of September, 2006.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE