UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

BILLY RAY SELF                               CIVIL ACTION NO. 06-cv-1074

VERSUS                                       JUDGE WALTER

WARDEN, WASHINGTON                           MAGISTRATE JUDGE HORNSBY
CORRECTIONAL INSTITUTE

**REPORT AND RECOMMENDATION**

**Introduction**

A Caddo Parish jury found Billy Ray Self ("Petitioner") guilty of driving while intoxicated, third offense. The evidence showed that Petitioner's truck was seen leaving the scene of a hit and run near Joe's Bar & Grill on East Kings Highway in Shreveport. A description of the truck was broadcast to all police units and, within a few minutes, an officer saw Petitioner's truck weaving in traffic and cross the centerline. The truck ran over a curb while Petitioner was making a turn. The officer stopped Petitioner and ordered him to get out of the truck. Petitioner refused to submit to a field sobriety test or a breath analysis. Two police officers testified that Petitioner had the distinct odor of alcohol on his breath, slurred speech, bloodshot eyes, and was unsteady on his feet. Petitioner fell asleep in the back of the police car on the way to jail. The jury also watched Petitioner on video tape as he fell asleep while standing, exhibited slurred speech, and otherwise demonstrated drunken behavior.

Petitioner pursued relief in the state courts by direct appeal and by a post-conviction application. He now seeks federal habeas relief on the grounds that he received ineffective

assistance of counsel, the state withheld evidence, and the predicate offenses were invalid. It is recommended, for the reasons that follow, that the petition be denied as untimely.

**Procedural History**

The trial judge sentenced Petitioner to serve four years at hard labor. Petitioner pursued a direct appeal. The state appellate court found that the evidence was sufficient to support the conviction, but it remanded the case for re-sentencing in light of new legislation. Tr. 284. About a month after the appellate court remanded for re-sentencing, Petitioner filed in the state district court a pro se application for post-conviction relief. Tr. 341.

The trial court held a new sentencing hearing and imposed a three-year sentence. Tr. 394. The next day, the trial judge issued a written decision that denied the post-conviction application. Tr. 381-83. There is no indication that Petitioner sought supervisory writs or otherwise pursued appellate relief with respect to this post-conviction application.

Petitioner's appointed counsel pursued a second direct appeal after the re-sentencing. She filed an Anders brief and a motion to withdraw. Counsel addressed some of the issues that Petitioner had argued in his post-conviction application and explained why she found them to lack merit. For example, Petitioner cited a case that held that municipal DWI convictions did not constitute prior convictions under the state statute, but the case had been legislatively overruled. Tr. 422. The state appellate court permitted Petitioner to file a pro se brief. Tr. 454. Petitioner submitted lengthy arguments. Tr. 441 and 457.

The state appellate court rendered its judgment on April 7, 2004. The court addressed the sufficiency of the evidence, excessive sentence, and ineffective assistance of counsel claims that Petitioner raised in his pro se submissions. It found them to lack merit and affirmed the conviction and sentence. Tr. 479. Petitioner later filed an application for supervisory writs with the Supreme Court of Louisiana, and that court denied the writ without comment. It is the timing of that application to the state's high court that is the key to the timeliness analysis, set forth below.

**Running of One-Year Limitations Period**

A one-year period of limitations applies to petitions for habeas corpus. In an ordinary case, such as this one, the limitation period runs from the date on which the state court judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The first step in assessing timeliness is, therefore, to determine when Petitioner's conviction became final and triggered the commencement of the one-year limitations period.

In a typical case where a convicted person timely pursues his direct appeal through a writ application to the Supreme Court of Louisiana, the conviction becomes final for purposes of Section 2244 ninety days after the state's high court enters its judgment, which is when the time to file a petition for writ of certiorari with the United States Supreme Court has expired. Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003). The rule is different if the defendant does not complete the appellate process and reach the state's highest court. "If

The state appellate court rendered its judgment on April 7, 2004. The court addressed the sufficiency of the evidence, excessive sentence, and ineffective assistance of counsel claims that Petitioner raised in his pro se submissions. It found them to lack merit and affirmed the conviction and sentence. Tr. 479. Petitioner later filed an application for supervisory writs with the Supreme Court of Louisiana, and that court denied the writ without comment. It is the timing of that application to the state's high court that is the key to the timeliness analysis, set forth below.

**Running of One-Year Limitations Period**

A one-year period of limitations applies to petitions for habeas corpus. In an ordinary case, such as this one, the limitation period runs from the date on which the state court judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The first step in assessing timeliness is, therefore, to determine when Petitioner's conviction became final and triggered the commencement of the one-year limitations period.

In a typical case where a convicted person timely pursues his direct appeal through a writ application to the Supreme Court of Louisiana, the conviction becomes final for purposes of Section 2244 ninety days after the state's high court enters its judgment, which is when the time to file a petition for writ of certiorari with the United States Supreme Court has expired. Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003). The rule is different if the defendant does not complete the appellate process and reach the state's highest court. "If

the defendant stops the appeal process before that point, the conviction becomes final when the time for seeking further direct review in the state court expires." Roberts, 319 F.3d at 694.

The State asserts that Petitioner's conviction became final, and the limitations period commenced, when Petitioner did not *timely* file a writ application to the Supreme Court of Louisiana (direct review application) within 30 days after the state appellate court's decision issued. Louisiana Supreme Court Rule X, § 5(a) provides that an application for supervisory writ "shall be made within thirty days of the mailing of the notice of the original judgment of the Court of Appeal [subject to exception when a timely application for rehearing is filed]."

The state appellate court rendered its judgment on April 7, 2004, and the Clerk of Court issued a notice that the opinion was mailed to all parties on that same day. Tr. 478. Thirty days from April 7, 2004 was Friday, May 7, 2004. Thus, Petitioner's writ application was due on May 7, 2004.

Petitioner mailed a pro se writ application from prison.[1] Louisiana Supreme Court Rule X, § 5(d) provides that an application "properly mailed shall be deemed timely filed if mailed on or before the last day of the delay for filing." Furthermore, the Fifth Circuit has held that Louisiana's prison mailbox rule is applicable to the filing of an application for

---

[1] There is no right to counsel for discretionary reviews in state court. Moore v. Cockrell, 313 F.3d 880, 882 (5th Cir. 2002).

the defendant stops the appeal process before that point, the conviction becomes final when the time for seeking further direct review in the state court expires." Roberts, 319 F.3d at 694.

The State asserts that Petitioner's conviction became final, and the limitations period commenced, when Petitioner did not *timely* file a writ application to the Supreme Court of Louisiana (direct review application) within 30 days after the state appellate court's decision issued. Louisiana Supreme Court Rule X, § 5(a) provides that an application for supervisory writ "shall be made within thirty days of the mailing of the notice of the original judgment of the Court of Appeal [subject to exception when a timely application for rehearing is filed]."

The state appellate court rendered its judgment on April 7, 2004, and the Clerk of Court issued a notice that the opinion was mailed to all parties on that same day. Tr. 478. Thirty days from April 7, 2004 was Friday, May 7, 2004. Thus, Petitioner's writ application was due on May 7, 2004.

Petitioner mailed a pro se writ application from prison.[1] Louisiana Supreme Court Rule X, § 5(d) provides that an application "properly mailed shall be deemed timely filed if mailed on or before the last day of the delay for filing." Furthermore, the Fifth Circuit has held that Louisiana's prison mailbox rule is applicable to the filing of an application for

---

[1] There is no right to counsel for discretionary reviews in state court. Moore v. Cockrell, 313 F.3d 880, 882 (5th Cir. 2002).

direct review. Causey v. Cain, 450 F.3d 601 (5th Cir. 2006). Thus, Petitioner needed to deliver his application for direct review to prison officials by Friday, May 7, 2004 for it to be timely.

Petitioner signed his writ application on August 26, 2004. Tr. 490, 500. It was postmarked at the prison on September 1, 2004. Tr. 501-A. Giving Petitioner the benefit of the doubt and treating his application as being filed on the date he signed it, the application was filed with the Supreme Court 111 days after the May 7 deadline.

The Fifth Circuit faced a similar situation in Butler v. Cain, 533 F.3d 314 (5th Cir. 2008) when the prisoner did not file his direct review application until 12 days after the deadline. The Supreme Court of Louisiana, both in Butler and in this case, later issued a one–word decision that the application was "Denied." See Tr. 501; Butler, 533 F.3d at 318. The Fifth Circuit held in Butler that the conviction became final on the deadline for timely seeking Supreme Court review. In this case, that deadline was May 7, 2004, so the one-year federal limitation commenced on that date.

Petitioner's untimely direct review application was later filed on approximately August 26, 2004 and remained pending until denied on June 17, 2005. Butler squarely held that the time during which an untimely application is pending does not affect the running of the limitations period or result in statutory tolling. There is also no suggestion whatsoever that Petitioner either applied for or received any extension of time from the Supreme Court of Louisiana that would cure the untimeliness. The same was true in Butler, 533 F.3d at 319.

The one-year limitations period began when the conviction was final on May 7, 2004 and ran without interruption until it expired on Monday, May 9, 2005 (May 7, the one-year anniversary date, was a Saturday). Petitioner signed his federal petition on June 12, 2006, so that is the earliest date it could have been tendered to prison officials for mailing and, thus, deemed filed. The limitations period had expired more than one year earlier.

As noted, the pendency of the untimely direct review application was of no effect. There is no other basis in the record to find statutory tolling. The commonly invoked provision for tolling during the pendency of a properly filed application for post-conviction review, 28 U.S.C. § 2244(d)(2), does not apply because Petitioner did not pursue his post-conviction application after the trial court denied it on June 18, 2003. Thus, the post-conviction proceeding (and any potential tolling effect) ended before the federal limitations period commenced in May 2004. The record does not reflect any other post-conviction proceedings that might toll the limitations period. Petitioner did file a motion to correct illegal sentence, but that motion was not filed until November 2006, long after the one-year limitation expired in May 2005. To the extent such a motion could toll the federal limitations, the motion is of no effect because there was nothing left to toll by the time it was filed. See Butler, 533 F.3d at 318.

Petitioner filed a rebuttal memorandum after the state invoked the timeliness defense, but he did not address the timeliness issue. Petitioner simply repeated his merits arguments. The petition is untimely, as explained above, and should be dismissed for that reason.

Accordingly;

**IT IS RECOMMENDED** that the petition for writ of habeas corpus be **denied** and that Petitioner's complaint be **dismissed with prejudice**.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 28th day of May, 2009.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE